IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER ALLEN COKER, | No. CIV S-05-2285-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D.L. RUNNELS, et al., | |
| Respondents. | |
| _____/ | |

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on November 10, 2005.

    Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

    A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts.  See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is not

available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941). Because federal habeas relief does not lie for state law errors, a state court's evidentiary ruling is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process. See Drayden v. White, 232 F.3d 704, 710 (9th Cir. 2000); Spivey v. Rocha, 194 F.3d 971, 977-78 (9th Cir. 1999); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991); see also Hamilton v. Vasquez, 17 F.3d 1149, 1159 (9th Cir. 1994). In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

Petitioner raises one claim based on denial of due process, as follows:

> Trial court conducted a hearing to determine the admissibility of evidence, only to determine that the jury would have to judge the facts of said evidence, leaving the determination of whether evidence was admissible in the hands of jury.

Logically, if the trial court allowed evidence to be admitted, it must have necessarily determined that the evidence was admissible under state law. It would then be the jury's function to determine what weight, if any, to give such evidence. Thus, petitioner's assumption that, by allowing the jury to consider the weight to be given to the evidence, the trial court failed to pass on the threshold legal question of admissibility is flawed. Petitioner has not alleged that the trial

1  court failed to make any ruling at all.  If this were the case, there might be a colorable claim.
2  But, this is not the case.  Petitioner asserts that a hearing was held, that the trial court made a
3  ruling allowing the evidence to go to the jury, but that such ruling was incorrect.
4         Based on the foregoing, the undersigned recommends that petitioner's petition for
5  a writ of habeas corpus be summarily dismissed.
6         These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10  Findings and Recommendations."  Failure to file objections within the specified time may waive
11  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  DATED:  December 9, 2005.

15                                      CRAIG M. KELLISON
                                        UNITED STATES MAGISTRATE JUDGE